UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cr-20955-MOORE

UNITED STATES OF AMERICA,

vs.

LOUDY PETITHOMME,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** was referred to the undersigned Magistrate Judge by the Honorable K. Michael Moore, Chief United States District Judge, to conduct a proceeding for the acceptance of a guilty plea by Defendant LOUDY PETITHOMME. Based upon the change of plea hearing conducted on April 29, 2019, this Court makes the following findings, and recommends that the guilty plea be accepted.

    1. This Court convened a hearing to permit Defendant to enter a change of plea in the above-captioned matter. This Court advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney, and the Assistant United States

Attorney all consented on the record to this Court conducting the change of plea hearing.

2. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

3. Defendant pled guilty to Counts 1 and 5 of the Superseding Indictment that charged him with Conspiring to Commit Money Laundering, in violation of Title 18, United States Code Section 1956(h) (Count 1), and Money Laundering, in violation of Title 18, United States Code Section 1957 (Count 5). The Court advised Defendant that as to Count 1 there is a statutory maximum potential sentence of: (1) twenty years' imprisonment; (2) followed by a term of supervised release of up to 3 years; (3) a fine of up to $500,000 or twice the value of the property involved in the financial transaction (whichever is greater); and a (4) mandatory special assessment of $100.00. The Court advised Defendant that as to Count 5 there is a statutory maximum potential sentence of: (1) ten years' imprisonment; (2) followed by a term of supervised release of up to 3 years; (3) a fine of up to $250,000 or twice the value of the property involved in the financial transaction (whichever is greater); and a (4) mandatory special assessment of $100.00. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case, including mandatory forfeiture provisions.

4. There is a written plea agreement which has been entered into by the parties in this case. This Court reviewed that plea agreement on the record and Defendant acknowledged that he understood the terms of the plea agreement and that he had signed the plea agreement.

5. Defendant also waived his right to appeal his sentence unless the government files an appeal and/or his sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing. Defendant also waived his right to claim that the statutes at issue are unconstitutional and/or that

the admitted conduct does not fall within the scope of the statutes of conviction. In addition, the undersigned finds that Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary.

6. To set forth the factual basis for the entry of the plea, Defendant and the Government submitted a written Factual Proffer. The Factual Proffer, also read by the Government at the hearing, established all the essential elements of the crime to which Defendant is pleading guilty. Defendant and his counsel acknowledged that the Factual Proffer was accurate.

7. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

8. Therefore, this Court recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1 and 5 of the Superseding Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of those offenses.

9. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing date is July 18, 2019, at 2:00 p.m. Defendant's conditions of release remain the same.

Therefore, it is hereby:

**RECOMMENDED** that Defendant LOUDY PETITHOMME's plea of guilty be accepted, that Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge.

Any request for an extension of this deadline must be made within seven calendar days from the date of this Report and Recommendation. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 30th day of April, 2019.

                                                JACQUELINE BECERRA
                                                UNITED STATES MAGISTRATE JUDGE